**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICOLAS MEDINA,<br>Petitioner, | : | |
| v. | : | No. 2:26-cv-8374 |
| ANDY CRUZ, *et al.*,<br>Respondents. | : | |

**O R D E R**

**AND NOW**, this 13th day of November, 2026, upon consideration of the Petition for Writ of Habeas Corpus, ECF No. 1;[1] the Government's Opposition thereto, ECF No. 4;[2] the Reply, ECF No. 5;[3] and for the reasons provided in *Piatukho v. Warden J.L. Jamison,* No. 26-6413, 2026 U.S.

---

[1] Petitioner Nicolas Medina, a native of Venezuela, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 2, 2026. *See* Pet. ¶¶ 1, 19, ECF No. 1. Medina entered the United States in September 2022, and "was encountered by [Department of Homeland Security ("DHS")] officers shortly after entering" the United States. *Id.* ¶ 20. DHS detained and processed Medina, and released him to live in Philadelphia, Pennsylvania, with his son. *See id.* Medina filed for asylum shortly after entering the United States. *See id.* ¶ 22. He presently works at a butcher shop in Philadelphia. *See id.* ¶ 21. Immigration and Customs Enforcement ("ICE") arrested him at a check-in at the Philadelphia ICE field office on October 30, 2026. *See id.* ¶ 23. He is currently being held at the Philadelphia Federal Detention Center. *See id.* ¶ 24. Medina alleges that his detention under 8 U.S.C. § 1226(a) without an initial custody determination is unlawful; that his detention violates Fifth Amendment due process; that the Government failed to follow agency practice regarding re-detention and 8 C.F.R. § 1236.1 and violated the doctrine set forth in *United States ex. rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266-268 (1954) (the "*Accardi* doctrine"); and that exhaustion is not required because "[a]n administrative bond hearing would be futile" since "immigration judges do not have the authority to consider" his claims. *Id.* ¶¶ 8, 69-83.

[2] The Government filed a Response in Opposition on November 9, 2026, arguing that the Court should deny habeas relief because (1) Medina is lawfully detained under the discretionary provisions of 8 U.S.C. § 1226(a) and has not exhausted administrative remedies; (2) his claims based on defects in his arrest are not cognizable in habeas and his present custody is lawful; (3) his detention does not violate Constitutional due process; and (4) the Government followed the applicable regulations in arresting and detaining Medina. *See* Resp. 4-14, ECF No. 4.

[3] Medina filed a Reply on November 12, 2026, stating that the Government unlawfully detained him without any procedural protections, without any change in circumstance making him a danger or flight risk, and without an individualized determination. *See* Reply 1, ECF No. 5.

Dist. LEXIS 207702, (E.D. Pa. Sept. 15, 2026), which is incorporated herein;[4] **IT IS HEREBY ORDERED**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[5] as follows:

1. **Within five (5) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d)(1), 1003.19(a).

2. If a bond hearing is not held before an Immigration Judge within five (5) days, the Government shall immediately RELEASE Petitioner from immigration custody.

3. The case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[4] This opinion explained that a habeas petitioner challenging his or her detention pursuant to 8 U.S.C. § 1226(a) pending removal proceedings must first exhaust administrative remedies before seeking habeas relief from the federal district court. Such administrative remedies include: (1) requesting a bond redetermination hearing before an immigration judge; and (2) appealing the immigration judge's bond decision to the Board of Immigration Appeals. *See Piatukho*, 2026 U.S. Dist. LEXIS 207702, at *7 (citing *Gomez v. Jamison*, No. 26-3879, 2026 U.S. Dist. LEXIS 149870, at *6 (E.D. Pa. July 6, 2026); 8 C.F.R. §§ 236.1(d)(1), 236.1(d)(3), 1003.19(a)). The Court determined that none of the limited exceptions to exhaustion applied. *See id.* ("'Exhaustion is not required if administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury.' *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)."). The Court rejected the argument that a "later bond hearing cannot undo the time [the petitioner] has already spent incarcerated," because "this is also true with respect to this Court as no one can undo the time he has spent in custody. A bond redetermination hearing before an immigration judge can provide the same relief [the petitioner] asks of this Court- release (or detention after an individualized assessment)." *Piatukho*, 2026 U.S. Dist. LEXIS 207702, at *7-8.

[5] Unlike the petitioner in *Piatukho*, who was informed of the statutory authority under which he was detained but "made no attempt to exhaust administrative remedies[,]" *Piatukho*, 2026 U.S. Dist. LEXIS 207702, at *9, Medina requested a bond redetermination hearing, to be held on November 12, 2026. This Court will therefore direct that an individualized bond hearing be held promptly. To the extent counsel seeks attorney fees and costs under the Equal Access to Justice Act ("EAJA"), he may file a separate motion.